IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KIM BICKETT and
KIM BICKETT FARMS LLC,

    Plaintiffs,

v.

CHASE BANK USA NA, CHASE
BANKCARD SERVICES, INC., and
JP MORGAN CHASE BANK, N.A,

    Defendants.

Case No. 3:19-cv-57-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Summary Judgment filed by Defendants Chase Bank USA NA, Chase Bankcard Services, Inc., and JP Morgan Chase Bank, N.A. (Doc. 21). For the reasons set forth below, the Court grants the Motion for Summary Judgment.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Kim Bickett is the owner of Kim Bickett Farms LLC, formerly known as Bickett Construction (Doc. 1). On January 27, 2018, Bickett lost a credit card issued to him by Defendants (*Id.*). The next day, Bickett called Defendants to report the lost card (*Id.*). During the call, he inquired about balances (*Id.*). At this point, Bickett learned about a credit card on his account that he had no prior knowledge of, which had a balance of approximately $36,000 (*Id.*).

Bickett learned that Paula Hise, Bickett Construction's secretary and bookkeeper, had opened the account under Plaintiffs' names in 2007 without Bickett's knowledge or approval

(*Id.*). Hise registered herself as a secondary card holder and obtained a card with her name (*Id.*). Hise used the card from 2007 to 2018 in 7,914 personal transactions totaling to $1,534,101.33 (*Id.*).

Plaintiffs claim that Hise paid the bills from Bickett Construction's bank account and disguised the charges in the company's accounting system as expenses for miscellaneous business transactions (*Id.*). Plaintiffs claim Hise paid $1,497,400.12 to Defendants in this manner.

Defendants sent a monthly billing statement each billing period to Plaintiffs at the business address (Doc. 22-2). Each statement included itemized charges and identified the cardholder that made each charge, including the charges made by Hise (*Id.*). The statements also included payments made on the account (*Id.*). In November 2015, the account switched to electronic billing and the statements were then available online and by telephone (*Id.*). According to Exhibit E to the Declaration of Tara A. Olloque, payments on the account were made from a checking account in the name of "KIM D BICKETT" (*Id.*; Doc. 22-7).

Once Bickett discovered the card and the transactions, Bickett disputed the charges and the payments associated with the card (*Id.*). On August 29, 2018 and September 6, 2018, Defendants sent Bickett letters stating that Defendants had reviewed the account and determined that Bickett was not responsible for the account (*Id.*).

Defendants contend that Plaintiffs misrepresent the letters from Defendants stating that Bickett was "not responsible" for the account (Doc. 31). Defendants allege they only determined that Plaintiffs were not liable for the account's outstanding balance (*Id.*). Defendants never agreed to reimburse eleven years' worth of payments, all of which were for transactions Defendants believe were made with apparent authority (*Id.*).

Plaintiffs brought this claim pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1643, 15 U.S.C. § 1640, and Regulation Z, 12 C. F. R § 226 (Doc. 1). Plaintiffs allege that they are not liable for Hise's use of the credit card because the card was not authorized by Plaintiffs (*Id.*). Plaintiffs further allege that Defendants have failed to comply with TILA and Regulation Z by maintaining that Plaintiffs are responsible for the unauthorized charges on the unauthorized account and by refusing to return the unauthorized payments that were made (*Id.*).

In their motion for summary judgment (Doc. 21), Defendants contend that Plaintiffs' claims fail as a matter of law because 15 U.S.C. § 1640 does not apply to credit transactions involving extensions of credit primarily for business purposes (*Id.*). Further, Defendants assert that Plaintiffs' claim fails because they seek as relief the reimbursement of payments already made to Chase, which 15 U.S.C. § 1643 does not require or authorize (*Id*). Also, Defendants state that Plaintiffs' claims fail because all challenged transactions were made by a cardholder who was authorized to make them, or by an individual with apparent authority, defeating Plaintiffs' claim of unauthorized use under § 1643 (*Id.*).

## LEGAL STANDARD

A district court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (quoting FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 232-24 (1986). Stated another way, the nonmoving party must offer

more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, no issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *See Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008). The nonmovant cannot simply rely on its pleadings; the nonmovant must present admissible evidence that sufficiently shows the existence of each element of its case on which it will bear the burden of proof at trial. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (citing *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995); *Greater Rockford Energy and Technology Corp. v. Shell Oil Co.*, 998 F.2d 391, 394 (7th Cir. 1993)). "If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e). In sum, if a claim or defense is factually unsupported, it should be disposed of on summary judgment. *Celotex*, 477 U.S. at 323-24. Further, A "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence[.]" *Reid v. Neighborhood Assistance Corp. of America*, 749 F.3d 581, 586 (7th Cir. 2014) (*quoting Abdullahi v. City of Madison*, 423 F.3d 763, 769 (7th Cir. 2005)).

## Discussion

Plaintiffs rely on Section 1643 of TILA, which outlines the potential liability of a holder

of a credit card. 15 U.S.C. § 1643. This section outlines when a cardholder can be liable for the unauthorized use of a credit card. *Id*. Section 1602(p) defines "unauthorized use" as used in Section 1643 as "a use of a credit card by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." 15 USCS § 1602(p). The Federal Reserve Board's commentary in Regulation Z "has made explicit that 'whether authority exists must be determined under state or other applicable law….'" *Asher v. Chase Bank United States, N.A.*, 310 F. App'x 912, 920 (7th Cir. 2009). The Seventh Circuit has recognized that the Illinois law of agency accord with the Restatement of Agency. *Id*. According to the Restatement, "apparent authority arises when the principal's words or conduct cause a third person to reasonably believe that the putative agent's conduct on the principal's behalf is authorized." *Id*.; Restat. 3d of Agency, § 2.03.

The facts of *Asher* are similar to the facts in this case. *Asher* also involved a corporate cardholder that paid its bills without protest over a period of time even though the statements included charges by an employee. *Asher*, 310 F. App'x at 920. The employee also did not have approval to open the account. *Id*.

The court in *Asher* determined that the employee's use of the credit card was not unauthorized because the employee had apparent authority. *Id*. at 921. In reaching this conclusion, the court considered that other courts analyzing similar facts found that "the company's repeated payment of its employee's fraudulent charges led the card issuer to reasonably believe that [the employee] had the authority to make charges on the account." *Id*. at 920. The only standout distinction in *Asher* is that the plaintiff in that case was signing off on the checks to the bank, paying the bills for the fraudulent employee's charges. *Id*. at

920. Here, Plaintiffs claim that Hise paid the bills for the unauthorized card out of the Bickett Construction bank account (Doc. 1). On the other hand, Defendants provided extensive exhibits that appear to show that the payments were made from an account under the name "Kim D Bickett," which suggests that payments were coming from an account in Bickett's name rather than the company's name (Doc. 22-7). Regardless of this fact, the statements for the account were regularly mailed to the Plaintiffs' business address until November 2015 when the statements were made available online (Doc. 22-2). Additionally, Hise's actions went on for eleven years resulting in over $1.5 million in transactions (Doc. 1). The Court hesitates to conclude that solely failing to review account statements creates apparent authority. *See Asher*, 310 F. App'x at 920. Plaintiffs' silence without payment would be insufficient to lead Defendants reasonably to believe that Hise has the authority to use the account, as such silence would be consistent with Plaintiffs never receiving statements. *See DBI Architects, P.C. v. Am. Express Travel-Related Servs. Co.*, 388 F.3d 886, 891 (2004). But the repeated payment of Hise's fraudulent charges reasonably led the card issuer to believe that Hise had the authority to make charges on the account. *See Asher,* 310 F. App'x at 920. Moreover, Hise's actions persisted for much longer at a much larger scale than the actions of the employee in *Asher*, whose fraudulent spending lasted from 2001 until 2004, and amounted to $77,655. *Id*. at 914. This fact—coupled with continued payments and access to the account statements—would lead Defendants to reasonably believe that Hise had apparent authority to use the account. There were eleven years' worth of continued payments and account statements for Defendants to reference to reasonably make this inference. Accordingly, Hise's use of the credit card was not unauthorized because she had apparent authority.

Defendants also contend that Plaintiffs' claims fail as a matter of law because 15 U.S.C. § 1640 does not apply to credit transactions involving extensions of credit primarily for business purposes, and because Plaintiffs' seek as relief the reimbursement of payments already made to Chase, which 15 U.S.C. § 1643 does not require or authorize (*Id.*). Because Hise's use of the credit card was not unauthorized, however, Plaintiffs no longer have a valid claim under Section 1640 or Section 1643. Therefore, the motion for summary judgement is granted.

## Conclusion

For these reasons, the Motion for Summary Judgment filed by Chase Bank USA NA, Chase Bankcard Services, Inc., and JP Morgan Chase Bank, N.A. (Doc. 21), is **GRANTED**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: March 16, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**